IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STULLER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3303 |
| | ) | |
| STEAK N SHAKE ENTERPRISES, | ) | |
| INC. and STEAK N SHAKE | ) | |
| OPERATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on a Report and Recommendation

(d/e 33) entered on February 18, 2011.  Plaintiff, Stuller, Inc. (Stuller),

timely filed its Objections to the Report and Recommendation (d/e 35)

on March 4, 2011.   See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

The Report and Recommendation recommends allowing Defendant

Steak N Shake Enterprises, Inc.'s (SNS Enterprises) Motion to Dismiss

Counts II and III of the First Amended Complaint (d/e 21) and allowing

in part Defendant Steak N Shake Operations, Inc.'s (SNS Operations) Motion to Dismiss (d/e 23). For the reasons that follow, this Court adopts the Report and Recommendation in part and rejects the Report and Recommendation in part.

## I. STANDARD OF REVIEW

This Court reviews <u>de novo</u> any part of the Report and Recommendation to which a proper objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). Findings of the Report and Recommendation for which no objection has been made can simply be adopted by this Court. <u>Lewis v. Hollingsworth</u>, 2010 WL 4177442, at*1 (S.D.Ill. 2010). Upon review of the Report and Recommendation, this Court may accept, reject, or modify the recommended disposition, receive further evidence, or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## II. BACKGROUND

The parties are familiar with the specific allegations of each count contained in the Complaint, and this information is fully set out in the

"Statement of Facts" section of the Report and Recommendation, which this Court adopts. To summarize, Stuller, a Steak N Shake franchisee, alleges Defendants adopted a policy (the "Policy") purporting to require all franchisees to follow set menu and pricing (with the exception of breakfast items) and offer all company promotions as published. According to Stuller, this Policy was contrary to "long-standing custom, practice, policy, agreement, and representation," that franchisees could set their own prices for menu items, maintain "custom menus," and choose whether to follow promotions. Stuller further alleges that when Stuller refused to implement the Policy, Defendants sent default notices threatening to terminate Stuller's franchises.

## A.    Stuller's First Amended Verified Complaint

In November 2010, Stuller filed a Complaint and, in December 2010, filed the First Amended Verified Complaint at issue herein.   In Count I, Stuller sought a declaratory judgment that Stuller was not required to comply with the Policy under the terms of the franchise agreements (Agreements) and applicable law.  Stuller also asked for

injunctive relief to stop Defendants from enforcing the Policy.  In Count

II, Stuller alleged Defendants breached the implied covenant of good

faith and fair dealing by attempting to force Stuller to adopt the Policy.

In Count III, pleaded in the alternative, Stuller alleged that, if

Defendants can impose the Policy on Stuller, then Defendants violated

the Illinois Franchise Disclosure Act (IFDA) (815 ILCS 705/1 et seq.) by:

(1) attempting to force Stuller to implement the Policy despite any

language to that effect in the Agreements and despite the representations

in the Uniform Franchise Offering Circular  (UFOC); and (2) falsely

stating in the UFOC that franchisees could set their own prices and that

franchisees were not obligated to participate in all marketing promotions.

B.     Defendants' Motions to Dismiss

Both Defendants filed motions to dismiss.  SNS Enterprises moved

to dismiss Count II for failure to state a claim because Stuller could not

allege actual damages, no termination of the Agreements had occurred,

and Illinois does not recognize an independent claim for breach of an

implied duty of good faith in the absence of an express contract term that

is breached.  SNS Enterprises  moved to dismiss Count III for failure to state a claim on the basis that Stuller could not allege actual damages, the claim was barred by the three-year statute of limitations set forth in the IFDA, and Stuller failed to adequately allege the elements of fraud.

SNS Operations moved to dismiss Counts II and III on the same grounds asserted by SNS Enterprises.  SNS Operations also sought to dismiss the entire complaint on the ground that, although it was the original franchisor on three of the five franchises, SNS Operations assigned those Agreements to SNS Enterprises in 2005.

## C.    The Report and Recommendation and Stuller's Objections Thereto

The Report and Recommendation recommended denying SNS Operations' motion to dismiss on the ground that SNS Operations had assigned the Agreements to SNS Enterprises.  The recommended dismissal of Count II, treated as a breach of contract claim, was based on the failure to allege damages.   The Report and Recommendation recommended this Court dismiss Count III because: (1) the claim was barred by the statute of limitations and equitable tolling should not apply

under the facts alleged; and (2) Stuller failed to plead damages.  Stuller

timely filed Objections to the Report and Recommendation challenging

the recommendation that Counts II and III be dismissed.

## III. ANALYSIS

### A.    Standard of Review on a Motion to Dismiss

Under Rule 12(b)(6), dismissal is proper where a complaint fails to

state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

To state a claim upon which relief can be granted, a complaint must

provide a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must

be sufficient to provide the defendant with "fair notice" of the claim and

its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008);

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964, 167 L.Ed.2d 929, 940 (2007).  This means that: (1) "the

complaint must describe the claim in sufficient detail to give the

defendant 'fair notice of what the ... claim is and the grounds upon which

it rests" and (2) its allegations must plausibly suggest that the plaintiff

has a right to relief, raising that possibility above a "speculative level."

EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.

2007).  While detailed factual allegations are not needed, a "formulaic

recitation of a cause of action's elements will not do."  Twombly, 550

U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940.  Conclusory

allegations are "not entitled to be assumed true."  Ashcroft v. Iqbal, 129

S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing Twombly, 550

U.S. 544 (2007)).  "In ruling on Rule 12(b)(6) motions, the court must

treat all well-pleaded allegations as true and draw all inferences in favor

of the non-moving party."  In re marchFIRST Inc., 589 F.3d 901, 904

(7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

## B.    Count II States a Claim for Breach of Contract

Stuller did not object to the Report and Recommendation's

characterization of Count II as a breach of contract claim.  To state a

breach of contract claim under Illinois law, a plaintiff must allege the

existence of a contract, substantial performance by the plaintiff, a breach

by the defendant, and damages resulting therefrom.  Associated

<u>Underwriters of America Agency, Inc. v. McCarthy</u>, 356 Ill. App. 3d 1010, 1019 (2005); <u>Manufacturers Life Ins. Co. v. Mascon Information Technologies Ltd.</u>, 270 F.Supp. 2d 1009, 1013 (N.D. Ill. 2003).

The Report and Recommendation recommended dismissing Count II on the basis that Stuller failed to allege damages.  In Stuller's Objections, Stuller asserts it sufficiently pleaded damages for its breach of contract claim.   In addition, Stuller asserts that its request for attorney fees is sufficient to support its breach of contract claim.  Stuller also requests, however, that in the event this Court adopts the Report and Recommendation, the dismissal should be without prejudice so that Stuller can refile its claim "if and when it ever implements the Policy."

In the First Amended Complaint, Stuller alleged Stuller and Defendants are party to several Agreements and Stuller performed under the Agreements.  Stuller alleged Defendants breached the Agreements by enforcing the Policy and threatening to terminate the Agreements. Stuller alleged such action was contrary to the terms of the Agreements, which, according to Stuller, include "Defendants' legally binding

representation in the UFOCs received by Plaintiff."  Stuller further

alleged Stuller "has been and will be damaged."  Stuller sought, to the

extent it has implemented the Policy, damages, including lost revenue.

This Court must draw all inferences in favor of Stuller.  See

marchFIRST, 589 F.3d at 904.  Here, the Court can reasonably infer

from the allegations of the First Amended Complaint that Stuller has

suffered damages from the alleged breach.  See, e.g., US Bank National

Ass'n v. Builders Bank, 2009 WL 2985952, *4 (N.D. Ill. 2009) (finding

that although the allegations had "a bare bones quality to them," the

court could reasonably infer that the plaintiff suffered damages from the

alleged breach of contract).

Whether Stuller can prove actual damages is more appropriately

addressed in a motion for summary judgment.  In that regard, this case is

distinguishable from the Penn-Daniels, LLC v. Daniels, 2009 WL

1475277 (C.D. Ill. 2009) case cited by Defendants.

In Penn-Daniels, the plaintiff filed a motion for summary judgment

on the defendants' counterclaim for breach of contract.  Penn-Daniels,

2009 WL 1475277 at *3.  The plaintiff based the motion on the testimony of one of the defendants that the defendants had not been damaged by the plaintiff's failure to maintain the property.  <u>Id.</u>  The court found the defendants' evidence only showed future damages that might be incurred, and, therefore, found the defendants failed to meet their burden of showing actual damages.  <u>Id.</u>  The court concluded the counterclaim was premature and dismissed it without prejudice.  <u>Id.</u> at *4.

In contrast, no such evidence has been submitted here because the case is only at the motion to dismiss stage.  The issue of damages is more appropriately addressed in a summary judgment motion.  Because the Court finds Stuller has sufficiently alleged damages, this Court will not reach Stuller's additional argument that its attorney fees incurred constitutes sufficient damages.

**C.  Count III States a Claim and a Determination Whether Count III Is Barred By the Statute of Limitations Is Premature**

Stuller pleaded Count III in the alternative to the other two Counts.  In Count III, Stuller alleged that if Defendants can impose the

Policy on Stuller, then Defendants violated the IFDA by: (1) attempting to force Stuller to implement the Policy despite any language to that effect in the Agreements and despite the representations in the UFOC; and (2) falsely stating in the UFOC that franchisees could set their own prices and that franchisees were not obligated to participate in all marketing promotions.

1. The Illinois Franchise Disclosure Act

The stated intent of the IFDA is to: (1) "provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered for sale"; and (2) "protect each prospective franchisee and the franchisor by providing a better understanding of the business and the legal relationship" between them. 815 ILCS 705/2(2). A private right of action is provided by section 26 of the IFDA: "Any person who offers, sells, terminates, or fails to renew a franchise in violation of this Act shall be liable to the franchisee who may sue for damages caused thereby." 815 ILCS 705/26. Moreover, a franchisee may sue for rescission for a violation of sections 5, 6, 10, 11,

or 15 of the IFDA.  815 ILCS 705/26.

The IFDA contains a statute of limitations, which requires a cause of action be brought before one of three possible time periods, whichever shall first expire:

> No action shall be maintained under Section 26 of this Act to enforce any liability created by this Act unless brought before the expiration of 3 years after the act or transaction constituting the violation upon which it is based, the expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief in respect to conduct governed by this Act, or 90 days after delivery to the franchisee of a written notice disclosing the violation, whichever shall first expire.

815 ILCS 705/27.

2.    <u>Defendants' Motions To Dismiss and the Report and Recommendation</u>

Defendants sought to dismiss Count III on the basis that it was barred by the three-year statute of limitations contained in the IFDA. Defendants also claimed Count III failed to state a claim because Stuller could not allege damages and failed to adequately allege an untrue statement of material fact.

The Report and Recommendation recommended dismissing Count III on the grounds that: (1) the claim was barred by the statute of limitations and equitable tolling did not apply; and (2) Stuller failed to allege damages. The Report and Recommendation also recommended the dismissal be without leave to replead.

3.    <u>Stuller's Objections To the Report and Recommendation</u>

In its Objections, Stuller asserts: (1) Count III is not barred by the statute of limitations; (2) Stuller adequately alleged damages; and (3) rescission is also available as a remedy, although Stuller did not elect such remedy at this time.

4.    <u>Statute of Limitations Affirmative Defense Is Premature</u>

In its Objections to the Report and Recommendation, Stuller argues that the "act or transaction constituting the violation" on which Stuller's IFDA claim is based is Defendants' attempt to force its Policy on Stuller despite contrary representations in the UFOC. Stuller asserts that because Defendants did not attempt to force the policy on Stuller until October 2010, Plaintiff's lawsuit is timely. Alternatively, Stuller argues

that the 3-year limitation period should be equitably tolled.

Generally, the running of the statute of limitation is an affirmative defense. <u>Rylewicz v. Beaton Serv., Ltd.</u>, 698 F.Supp. 1391, 1398 (N.D. Ill. 1988), <u>aff'd</u> 888 F.2d 1175 (7th Cir. 1989). "[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." <u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir. 2005); <u>Hollander v. Brown</u>, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). A plaintiff may, however, plead itself out of court by "alleging facts that are sufficient to establish the defense." <u>Hollander</u>, 457 F.3d at 691 n.1; <u>see also</u> <u>Reiser v. Residential Funding Corp.</u>, 380 F.3d 1027, 1030 (7th Cir. 2004) ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)").

This Court finds Stuller has not pleaded itself out of the Court and has not alleged facts sufficient to establish the defense of the statute of limitations. This Court acknowledges other court decisions granting a

motion to dismiss on statute of limitations grounds in an IFDA case.

See, e.g., Hengel, Inc. v. Hot 'N Now Inc., 825 F.Supp. 1311, 1321

(N.D. Ill. 1993) (granting a motion to dismiss on statute of limitations

grounds in an IFDA case but giving the plaintiff leave to replead).  This

Court declines, however, to dismiss the case on statute of limitations

grounds.  Moreover, a question remains whether equitable tolling would

be appropriate under these circumstances.  See, e.g., Hengel., 825

F.Supp. 1311, 1321 (N.D. Ill. 1993) (giving the plaintiffs leave to file an

amended complaint attempting to plead facts supporting equitable tolling

in an IFDA case).

>    5.    Stuller Adequately Alleges Damages and Seeks, in the
>          Alternative, Rescission

The Report and Recommendation also recommended dismissing

Count III on the basis that Stuller failed to allege damages.  In its

Objections, Stuller argues that it alleged damages by requesting attorney

fees and costs related to Defendants' violation of the IFDA.  Moreover,

Stuller argues the availability of rescission as a remedy under the IFDA

precludes dismissal of Count III.  This Court agrees with Stuller on both

points.

"In providing a private right of action for a franchisor's violation of the Act, Section 26 requires that there be 'damages caused thereby.'" Dunkin' Donuts Inc. v. N.A.S.T., Inc., 428 F.Supp.2d 761, 767 (N.D. Ill. 2005) (finding, on review of a motion for summary judgment, that the nonmoving party failed to raise a genuine issue of fact regarding damages), citing 815 ILCS 705/26. At least one court has concluded that costs and attorney fees incurred in pursuing the IFDA action can constitute the damages necessary under section 26 (815 ILCS 705/26).

In Bly & Sons, Inc. v. Ethan Allen Interiors, Inc., 2006 WL 149001, at *1 (S.D. Ill. 2006), the defendants sent plaintiff a letter terminating the plaintiff's franchise. The plaintiff filed suit. Id. Thereafter, the defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, seeking to dismiss the IFDA claim on the ground that the IFDA claim was moot because the defendants had rescinded the termination letter. Id. During the hearing on the motion, the court questioned whether the plaintiff suffered damages because the

termination had been rescinded.  <u>Id.</u> at *2.  The plaintiff responded by

filing a motion stating that its damages were the attorney fees and costs

incurred in pursuing the action.  <u>Id.</u> at *2.  The court, treating the

defendants' motion as one for summary judgment, found the rescission of

the termination did not render the plaintiff's IFDA claim moot.  <u>Id.</u> at

*2.  The court noted that attorney fees and costs were available under the

IFDA and that the plaintiff had sought attorney fees and costs in the

complaint.  <u>Id.</u> at *2.   Therefore, the court concluded the IFDA claim

was not moot, but that damages would be limited to costs and attorney

fees incurred from the date of the termination to the date of the

rescission of the termination.  <u>Id.</u> at *2.

Similarly here, Stuller seeks attorney fees and costs incurred in

bringing the action.  Given the reasoning in <u>Bly</u>, this Court concludes

such damages are sufficient for Stuller to state a claim under the IFDA.

Moreover, rescission is a remedy available under the IFDA for

certain violations.  <u>See</u> 815 ILCS 705/26 ("In the case of a violation of

Section 5, 6, 10,11, or 15 of the Act, the franchisee may also sue for

rescission"). Stuller seeks rescission as an alternative to damages. Therefore, dismissal is not warranted on the basis that Stuller failed to allege damages. See, e.g., RWJ Management Co., Inc. v. BP Products North America, Inc., 2011 WL 101727, at *4 (N.D. Ill. 2011) (noting that one group of the plaintiffs did not have to prove damages because they only sought rescission).

6.    Stuller Stated a Claim Under the IFDA

In their Motions to Dismiss, Defendants also asserted Stuller failed to sufficiently plead the elements of an IFDA claim. The Report and Recommendation did not address this claim.

Defendants asserted Stuller was required, but failed, to allege an untrue statement of material fact. Defendants point to Stuller's allegation that the statement that "[f]ranchisees are free to set consumer prices different from prices on company-owned restaurant menus and several do so" was true when made. Defendants further assert Stuller cannot plead a device, scheme, or artifice to defraud, an untrue statement of material fact, or any act, practice, or conduct which would operate as a

fraud or deceit on a person.

In the First Amended Verified Complaint, Stuller alleged violations

of sections 6 and 16 of the IFDA. Section 6 of the IFDA identifies

certain fraudulent practices prohibited by the IFDA:

> In connection with the offer or sale of any
> franchise made in this State, it is unlawful for any
> person, directly or indirectly to:
>
> > (a) employ any device, scheme, or
> > artifice to defraud;
> >
> > (b) make any untrue statement of a
> > material fact or omit to state a material
> > fact necessary in order to make the
> > statement made, in light of the
> > circumstances under which they are
> > made, not misleading; or
> >
> > (c) engage in any act, practice, or
> > course of business which operates or
> > would operate as a fraud or deceit upon
> > any person.

815 ILCS 705/6. Section 16 governs the form and content of disclosure

statements:

> All statements in the disclosure statement
> shall be free from any false or misleading
> statement of a material fact, shall not omit to state

> any material fact required to be stated or necessary
> to make the statements not misleading, and shall
> be accurate and complete as of the effective date
> thereof.

815 ILCS 705/16.

Stuller alleged the disclosure statements provided by Defendants prior to entering into and renewing the franchises did not provide that Defendants were entitled to set maximum or minimum prices or to require Stuller to participate in all promotions. Instead, the disclosure statements provided that franchisees could set their own prices. Stuller alleged that, if Defendants had the ability to set prices and require Stuller to participate in all promotions, then Defendants violated Section 16 of the IFDA. Stuller further asserted that Defendants' claim that they can set prices and require Stuller to participate in all promotions–despite the absence of such language in the Agreements and despite the representation in the franchise disclosure statements–constituted: (1) the employment of a device, scheme, or artifice to defraud; (2) an untrue statement of material fact; and (3) the engagement in an act, practice, or course of business which operates or would operate as a fraud or deceit

upon Stuller.

Not only has Stuller alleged an untrue statement of material fact was made, Stuller also alleged the IFDA was violated by a material omission (the absence of language that Defendants could set prices), the employment of a device, scheme, or artifice to defraud, and the engagement in an act, practice, or course of business which would operate as a fraud or deceit upon Stuller. Therefore, Count III states a claim for relief under the IFDA.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (d/e 33) is REJECTED IN PART and ADOPTED IN PART and Stuller's objections to the Report and Recommendation (d/e 35) are ALLOWED. Defendant Steak N Shake Enterprises, Inc.'s Motion to Dismiss Counts II and III of the First Amended Complaint (d/e 21) is DENIED and Defendant Steak N Shake Operations, Inc.'s Motion to Dismiss (d/e 23) is DENIED. Defendants shall file Answers to the First Amended Complaint on or before June 14, 2011.

IT IS THEREFORE SO ORDERED.

ENTERED: May 31, 2011

      FOR THE COURT:

                                      s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                                    UNITED STATE DISTRICT JUDGE